IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL NATHAN SHAE MCVEY, Petitioner, vs. ATTORNEY GENERAL OF THE STATE OR MONTANA, Respondent. | Cause No. CV 24-56-M-DLC ORDER |

On April 25, 2024, state pro se prisoner Michael Nathan Shae McVey ("McVey") filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1 at 8.)[1] The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

---

[1] *See also Houston v. Lack*, 487 U.S. 266, 276 (1988)( Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk.")

1

As explained below, because the claims in McVey's petition are unexhausted, his petition will be dismissed without prejudice.

I.      **Exhaustion**

Following a plea of guilty in Montana's Fourth Judicial District, Missoula County, McVey was committed to the Montana State Prison for convictions of: Theft, Robbery, Assault, Criminal Endangerment, and Fleeing From or Eluding a Peace Officer. (Doc. 1 at 2-3); *see also* (Doc. 1-1 at 2-3.) Judgment was entered on August 31, 2022. (Doc. 1 at 2.) McVey alleges that counsel provided him ineffective assistance relative to the entry of his guilty pleas. (*Id*. at 4.) He also claims he entered his pleas under duress and false pretenses and was subsequently prevented from withdrawing his pleas by the state district court. (*Id*. at 5.) McVey asks this Court to "revoke his guilty plea" and allow him a fair trial or, alternatively, honor the purported plea agreement. (*Id*. at 7.)

To the extent that McVey presents cognizable federal claims, each claim is currently unexhausted. McVey acknowledges the claims were presented to the district court in a petition for postconviction relief ("PCR"), (*id*. at 5), but that he did not appeal the denial of his petition to the Montana Supreme Court. (*Id*.) He claims he did not file an appeal because he lacked access to legal information and did not have an attorney assisting him. (*Id*.) A copy of the district court's order denying McVey's PCR petition is attached as an exhibit to his petition. (Doc. 1-1

2

at 8-16.)  The district court entered its order on December 13, 2023.  (*Id*. at 16.)

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A).  "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id., see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding.  "Mere 'general appeals to broad

constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has not yet considered the claims McVey attempts to advance. McVey must present the same claims to the state courts, in a procedurally appropriate manner, and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because McVey has not yet completely exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing McVey to return to this Court if and when he fully exhausts the claim relative to his current custody.

## II.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

McVey has not yet made a substantial showing that he was deprived of a federal constitutional right.  Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. McVey's Petition (Doc. 1) is DISMISSED **without prejudice** as unexhausted.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 6th day of May, 2024.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge